UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| **Gregory Fondren and Latasha Wilson**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Superior Consolidated Industries, Inc.**<br><br>Defendant. | No. _____<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiffs, Gregory Fondren and Latasha Wilson ("Plaintiffs"), individually and on behalf of all other persons similarly situated, sue the Defendant, Superior Consolidated Industries, Inc. (hereafter "Superior" or "Defendant") and allege as follows:

### `PRELIMINARY STATEMENT

1.     This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/, *et seq.* and Fed. R. Civ. P. 23 for Superior's failure to pay Plaintiffs and other similarly-situated employees all earned overtime wages.

2.     Plaintiffs, the Collective Members and the Class Members are current and former employees of Superior's. Plaintiffs bring this action on behalf of themselves and all similarly-situated current and former non-exempt hourly employees of Superior's.

3.     Under the FLSA and IMWL, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rates of pay for all time they spend working in excess of 40 hours in a given workweek. Superior failed to pay Plaintiffs, the Collective Members and the Class Members one and one-half times their regular rate of pay for

1

all time they spent working in excess of 40 hours in a given workweek. Plaintiffs therefore bring this Class Action and Collective action Complaint pursuant to Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b) for Superior's violation of federal and Illinois law as detailed further below.

4.     Under the FLSA and IMWL, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their **regular rate of pay** for all time they spend working in excess of 40 hours in a given workweek. For the purposes of computing the lawful overtime rate, an employee's regular rate of pay must include all non-discretionary bonus payments. *See* 29 C.F.R. 778.208-215. Superior paid Plaintiffs, the Collective Members and the Class Members non-discretionary bonuses but Superior did not include all these payments as part of Plaintiffs', the Collective Members' and the Class Members' regular rates of pay for the purposes of paying overtime.

5.     Plaintiffs and other similarly situated manufacturing employees were only paid for work performed between their scheduled start and stop times and were not paid for work performed before and after their scheduled start and stop times changing into and out of their Personal Protective Equipment (PPE).

6.     The time Plaintiffs and other similarly situated manufacturing employees spent changing into and out of their PPE was required by Defendant and was performed for Defendant's benefit.

7.     The time Plaintiffs and other similarly situated manufacturing employees spent changing into and out of their PPE, which included safety jackets, safety hats, steel toe boots, safety glasses, and earplugs was "an integral and indispensable part of the principal activities" that they performed for Defendant. *See Brooks v. Safety-Kleen Sys.,* No. 11-cv-07245, 2012 U.S. Dist. LEXIS 117035 *9 (N.D. Ill. Aug. 14, 2012) citing *Steiner v. Mitchell,* 350 U.S. 247, 256 (1956).

8. Changing into and out of their PPE was required by Defendant to perform their manufacturing work and are intrinsic elements of their principal activities and ones with which Plaintiffs and other similarly situated manufacturing employees cannot dispense if they are to perform their principal activities.

9. Changing into and out of Plaintiffs' and other similarly situated employees' PPE was required by company policy and the nature of the work that Plaintiff and other similarly situated employees performed for Defendants. *Brooks, supra* citing *Ballaris v. Wacker Siltronic Corp.*, 370 F. 3d 901, 910 (9th Cir. 2004); *IBP, Inc. v. Alvarez*, 339 F.3d 894, 902-03 (9th Cir. 2004).

10. Plaintiffs and other similarly situated manufacturing employees were not paid for time spent changing into and out of their PPE and/or getting tools, protective gear, or equipment that were necessary to perform their manufacturing work.

11. The amount of time Plaintiffs and other similarly situated manufacturing employees spent on this required and unpaid work amounted to approximately 10 minutes per day.

12. As a result of Defendant's practices and policies, Plaintiffs and other similarly situated manufacturing employees were not compensated for all of the time they worked, including all of the overtime hours they worked over 40 each workweek.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiffs and the Collective Members occurred within this District.

15. At all relevant times, Plaintiffs have been residents of Illinois and have performed work for Superior within the state of Illinois.

16. Superior regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, is subject to personal jurisdiction in – this judicial district.

17. At all relevant times, Superior's corporate headquarters is located at 801 SW Jefferson Ave., Peoria, IL 61605.

18. Plaintiffs, the Collective Members and the Class Members in their work for Superior were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## PARTIES

19. At all times material to the matters alleged in this Complaint, Plaintiffs were employees of Superior at their East Peoria facility.

20. Plaintiff Fondren was employed by Defendant as a material handler and forklift driver from approximately 2021 through approximately March, 2024.

21. Plaintiff Wilson was employed by Defendant in logistics and as a forklift driver from approximately 2021 through approximately July, 2024.

22. The Collective Members are all current and former non-exempt hourly employees who worked in excess of 40 hours in any given workweek for Superior in the United States at any point in the three years preceding the filing of this Complaint.

23. The Class Members are all current and former non-exempt hourly employees who worked for Superior in the state of Illinois at any point in the three years preceding the filing of this Complaint.

24. The Class and Collective Members are non-exempt from the IMWL and FLSA overtime requirements.

25. At all material times, Superior was an Illinois corporation duly licensed to transact business in the State of Illinois.

26. Under the IMWL and FLSA, Superior is an employer. At all relevant times, Superior had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Superior. As a person who acted in the interest of Superior in relation to the company's employees, Superior is subject to liability under the IMWL and FLSA.

27. At all material times, Plaintiffs and the Class and Collective Members were employees of Superior as defined by the IMWL and FLSA, 29 U.S.C. § 203(e)(1).

28. At all material times, Plaintiffs and the Class and Collective Members were non-exempt employees under 29 U.S.C. § 213(a)(1).

29. Plaintiffs have given their written consent to be named party Plaintiffs in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which are attached to this Complaint.

## FACTUAL ALLEGATIONS

30. Superior provides manufacturing and logistics solutions to its customers.

31. Plaintiff Fondren was employed by Defendant as a material handler and forklift driver from approximately 2021 through approximately March, 2024.

32. Plaintiff Wilson was employed by Defendant in logistics and as a forklift driver from approximately 2021 through approximately July, 2024.

33. The Collective Members are all current and former non-exempt employees who worked for Superior nationwide at any point in the three years preceding the filing of this Complaint. The Collective Members are non-exempt from the FLSA's overtime requirements.

34. The Class Members are all current and former non-exempt employees who worked for Superior in excess of 40 hours in any given workweek in Illinois at any point in the three years preceding the filing of this Complaint. The Class Members are non-exempt from the IMWL's overtime requirements.

35. At all relevant times, Plaintiffs were compensated on an hourly basis.

36. In their work for Superior, Plaintiffs routinely worked in excess of forty hours in a given workweek.

37. During each and every workweek, Plaintiffs, the Class and Collective Members were paid on an hourly basis.

38. At all relevant times, Superior failed to keep accurate time records and failed to accurately and timely pay all overtime wages required by the FLSA and IMWL.

39. At all relevant times, Superior paid Plaintiffs, the Collective Members and the Class Members different categories of non-discretionary bonuses, incentive payments, shift differentials and other non-discretionary bonuses.

40. However, Superior did not include all of these non-discretionary bonus payments in Plaintiffs', the Collective Members' and the Class Members' regular rates of pay for the purpose of computing the overtime rate paid. As a result, Superior has violated to overtime provisions of the FLSA and IMWL.

41. Superior knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## **COLLECTIVE ACTION ALLEGATIONS**

42. Plaintiffs and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

43. Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) on their own behalf and as representatives of individuals similarly situated who are current or former non-exempt hourly employees employed by Superior.

44. Superior subjected all of their non-exempt hourly employees, including Plaintiffs and the Collective Members, to their policy and practice of failing to pay for all hours worked and improperly calculating overtime rates in violation of 29 U.S.C. § 207.

45. Plaintiffs' claims stated in this Complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiffs is identical or substantially similar.

46. The Collective Members perform or have performed the same or similar work as Plaintiffs.

47. Superior's failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of Plaintiffs or the Collective Members.

48. Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Superior that caused harm to all of the Collective Members.

49. As such, Plaintiffs bring these FLSA claims as a collective action on behalf of the following class:

> **All of Superior's current and former hourly employees who worked in excess of 40 hours in any given workweek for Superior at any time from three years preceding the filing of this Complaint to the present.**

50. Superior's unlawful conduct, as described herein, is pursuant to Superior's corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees according to the FLSA.

51. Superior is aware or should have been aware that federal law prohibited them from not paying Plaintiffs and the Collective Members all overtime as detailed herein.

52. Superior's unlawful conduct has been widespread, repeated, and consistent.

53. This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

54. Upon information and belief, the individuals similarly situated to Plaintiffs includes thousands of non-exempt hourly employees currently and/or formerly employed by Superior. Plaintiff is unable to state the precise number of similarly-situated employees because that information is solely in Superior's possession, custody, or control, but it can be readily ascertained from their employment records.

55. Notice can be provided to the Collective Members by First Class Mail to the last address known to Superior, via email at the last known email address known to Superior, by text message to the last known telephone number known to Superior and by workplace posting at each of Superior's facilities.

## ILLINOIS RULE 23 CLASS DEFINITIONS AND ALLEGATIONS

56. Plaintiffs reallege and incorporate by reference all allegations in all preceding

paragraphs.

57.     Plaintiffs bring Claims for Relief for violation of Illinois wage and hour laws as a class action pursuant to Rule 23(a), (b)(2), and (b)(3). Plaintiffs bring these claims on behalf of themselves and all members of the following class comprised of:

58.     **Rule 23 Class**

**The Class Members are all of Superior's current and former hourly employees who worked in excess of 40 hours in any given workweek for Superior, within Illinois, at any time from three years preceding the filing of this Complaint to the present.**

**Numerosity (Rule 23(a)(1)).**

59.     The Class Members are so numerous that joinder of all members is impracticable. Plaintiffs on information and belief alleges, that Superior employed greater than one hundred people who satisfy the definition of the Class Members.

    a.  **Existence of Common Questions of Law and Fact (Rule 23(a)(2)).**

60.     Common questions of law and fact exist as to the Plaintiffs and the Class Members including, but not limited to, the following:

    a.  Whether Superior unlawfully failed to pay the Class Members all overtime wages, in violation of the Illinois Minimum Wage Law ("IMWL");

    b.  Whether Superior unlawfully failed to keep and maintain accurate and true records of the hours worked by the Class Members as required by applicable law; and

    c.  The damages sustained and the proper measure of restitution recoverable by members of the Class Members.

    b.  **Typicality (Rule 23(a)(3)).**

61.     Plaintiffs' claims are typical of the Class Members' claims. Plaintiffs, like the

Class Members, were subjected to Superior's illegal scheme to maximize profits by depriving their employees of overtime compensation.

### c. Adequacy (Rule 23(a)(4)).

62. Plaintiffs will fairly and adequately represent and protect the interests of the Class Members. Plaintiffs have retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.

### d. Injunctive and Declaratory Relief (Rule 23(b)(2)).

63. Class certification of the Rule 23 claims is appropriate pursuant to Rule 23(b)(2) because Superior acted or refused to act on grounds generally applicable to the Class Members, making appropriate declaratory relief with respect to the Class Members as a whole.

### e. Predominance and Superiority of Class Action (Rule 23(b)(3)).

64. Class certification of the Rule 23 claims is also appropriate under Rule 23(b)(3) because questions of law and fact common to the Class Members predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Superior's common and uniform policies and practices illegally deprived Plaintiff and all similarly situated employees of wages; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials. The damages suffered by individual Class Members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Superior's practices.

65. Plaintiffs intend to send notice to all Class Members to the extent required by Rule 23.

### **COUNT ONE: FAIR LABOR STANDARDS ACT**
### **FAILURE TO PAY FOR ALL HOURS WORKED**
**(on behalf of Plaintiffs and the Collective Members)**

65. Plaintiffs and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

66. Superior has a consistent enterprise-wide policy of requiring Plaintiffs and the Collective Members to work while off the clock and failing and/or refusing to compensate Plaintiffs the Collective Members at one and one-half times their regular hourly rate for all the time they worked in excess of forty (40) hours.

67. At all relevant times, Plaintiffs and the Collective Members were subject to Superior's enterprise-wide Personal Protective Equipment (PPE) policy.

68. Plaintiffs and other similarly situated manufacturing employees were not paid for time spent changing into and out of their uniform and/or getting tools, protective gear, or equipment that were necessary to perform their manufacturing work.

69. The amount of time Plaintiffs and other similarly situated manufacturing employees spent on this required and unpaid work amounted to approximately 10 minutes per day.

70. As a result of Defendant's practices and policies, Plaintiffs and other similarly situated manufacturing employees were not compensated for all of the time they worked, including all of the overtime hours they worked over 40 each workweek.

71. Although at this stage, Plaintiffs and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Collective Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records,

11

employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

72. Superior knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiffs and the Collective Members over the course of their employment would violate the FLSA, and Superior was aware of the FLSA's overtime requirements. As such, Superior's conduct constitutes a willful violation of the FLSA.

73. As a result of Superior's failure or refusal to pay Plaintiffs and the Collective Members for all hours worked, and Superior's failure or refusal to pay Plaintiffs and the Collective Members one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any given workweek, Superior violated 29 U.S.C. §§ 206 and 207(a). Plaintiff and the Collective Members are therefore entitled to compensation of one and one-half times their regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

### COUNT TWO: ILLINOIS MINIMUM WAGE LAW
### FAILURE TO PAY FOR ALL HOURS WORKED
**(on behalf of Plaintiffs and the Class Members)**

74. Plaintiffs and the Class Members reallege and incorporate by reference all allegations in all preceding paragraphs.

75. Superior has a consistent enterprise-wide policy of requiring Plaintiffs and the Class Members to work while off the clock and failing and/or refusing to compensate Plaintiffs and the Class Members at one and one-half times their regular hourly rate for all the time they worked in excess of forty (40) hours.

76. At all relevant times, Plaintiffs and the Class Members were subject to Superior's enterprise-wide Personal Protective Equipment (PPE) policy.

77. Plaintiffs and other similarly situated manufacturing employees were not paid for time spent changing into and out of their uniform and/or getting tools, protective gear, or equipment that were necessary to perform their manufacturing work.

78. The amount of time Plaintiffs and other similarly situated manufacturing employees spent on this required and unpaid work amounted to approximately 10 minutes per day.

79. As a result of Defendant's practices and policies, Plaintiffs and other similarly situated manufacturing employees were not compensated for all of the time they worked, including all of the overtime hours they worked over 40 each workweek.

80. Although at this stage, Plaintiffs and the Class Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiffs and the Class Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

81. As a result of Superior's failure or refusal to pay Plaintiffs and the Class Members all overtime due under Illinois law, Plaintiffs and the Class Members are entitled to compensation for all such unpaid wages, to be proven at trial, plus treble damages and interest, and reasonable attorney's fees, and costs.

**COUNT THREE: FAIR LABOR STANDARDS ACT**
**FAILURE TO INCLUDE BONUS PAY IN OVERTIME RATE**
**(on behalf of Plaintiffs and the Collective Members)**

82. Plaintiffs and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

83. Under the FLSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their **regular rate of pay** for all time they spend working in excess of 40 hours in a given workweek. For the purposes of computing the lawful overtime rate, an employee's regular rate of pay must include all non-discretionary bonus payments. *See* 29 C.F.R. 778.208-215.

84. At all relevant times, Superior paid Plaintiffs and the Collective Members different categories of non-discretionary bonuses, incentive payments, shift differentials and other non-discretionary bonuses.

85. However, Superior does not include all of these non-discretionary bonus payments in Plaintiff's and the Collective Members' regular rates of pay for the purpose of computing the overtime rate paid. As a result, Superior has violated to overtime provisions of the FLSA.

86. Although at this stage, Plaintiffs and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiffs and the Collective Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

87. Superior knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate the FLSA, and Superior was aware of the FLSA's overtime requirements. As such, Superior's conduct constitutes a willful violation of the FLSA.

88. As a result of Superior's failure or refusal to pay Plaintiff and the Collective Members one-and-one-half times their regular rate of pay for all hours worked in excess of forty

(40) hours in any given workweek, Superior violated 29 U.S.C. § 207(a). Plaintiffs and the Collective Members are therefore entitled to compensation of one and one-half times their regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

### COUNT FOUR: ILLINOIS MINIMUM FAIR WAGE LAW FAILURE TO INCLUDE BONUS PAY IN OVERTIME
(on behalf of Plaintiffs and the Class Members)

89. Plaintiffs and the Class Members reallege and incorporate by reference all allegations in all preceding paragraphs.

90. At all relevant times, Superior paid Plaintiffs and the Class Members different categories of non-discretionary bonuses, incentive payments, shift differentials and other non-discretionary bonuses.

91. However, Superior does not include these non-discretionary bonus payments in Plaintiffs' and the Class Members' regular rates of pay for the purpose of computing the overtime rate paid. As a result, Superior has violated the overtime provisions of the IMWL.

92. Although at this stage, Plaintiffs and the Class Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Class Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

93. As a result of Superior's failure or refusal to pay Plaintiffs and the Class Members all overtime due under Illinois law, Plaintiffs and the Class Members are entitled to compensation

for all such unpaid wages, to be proven at trial, plus treble damages and interest, and reasonable attorney's fees, and costs.

WHEREFORE, Plaintiffs, individually, and on behalf of all other similarly situated persons, request that this Court grant the following relief in Plaintiffs', the Collective Members' and the Class Members' favor, and against Superior Consolidated Industries, Inc.:

A. For the Court to declare and find Superior committed one or more of the following acts:

  i. violated the overtime provisions of the FLSA;

  ii. willfully violated the overtime provisions of the FLSA;

  iii. violated the overtime provisions of the IMWL; and

B. For the Court to award damages in the amounts of all unpaid overtime wages due and owing to Plaintiffs, the Collective Members and the Class Members;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest on any damages awarded;

E. For the Court to award all treble damages, interest, attorney fees and costs owed to Plaintiffs and the Class Members under the IMWL;

F. For the Court to award Plaintiffs and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

G.  For the Court to provide a reasonable incentive award for Plaintiffs to compensate them for the time spent attempting to recover wages for the Collective Members and for the risks he took in doing so; and

H.  Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, the Collective Members and the Class Members hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

DATED:  August 22, 2024

                Respectfully submitted,

                s/ *Michael L. Fradin*
                Michael L. Fradin, Esq. (#6289502)
                8401 Crawford Ave. Ste. 104
                Skokie, IL 60076
                Telephone: 847-986-5889
                Facsimile: 847-673-1228
                Email: mike@fradinlaw.com

                By: /s/ *James L. Simon*
                James L. Simon (*pro hac vice* forthcoming)
                SIMON LAW CO.
                11 ½ N. Franklin Street
                Chagrin Falls, Ohio 44022
                Telephone: (216) 816-8696
                Email: james@simonsayspay.com