UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

**Gregory Fondren and Latasha Wilson,**
individually and on behalf of all others similarly situated,

        Plaintiffs,

v.

**Superior Consolidated Industries, Inc.**

        Defendant.

No. 24-cv-01299

Judge Michael M. Mihm

## ORDER APPROVING SETTLEMENT

This matter is before the Court on the Plaintiffs' Amended Unopposed Motion for Approval of FLSA Settlement ("Approval Motion"). The Approval Motion asks the Court to approve, as fair and reasonable, the proposed settlement that the Parties reached and memorialized in the Revised Settlement Agreement and Release ("Settlement" or "Agreement"), attached to the Unopposed Motion as Exhibit A.

Having reviewed the Approval Motion, the Agreement, the Declaration of Michael L. Fradin, the Report of Mediation and the pleadings and papers on file in this action, and for good cause established therein, the Court enters this Order certifying the FLSA Collective and approving the Settlement, including the proposed Service Award, the proposed attorneys' fees and expense reimbursements to Class Counsel, and the settlement administrator fee.

    1.      The Settlement resolves wage-and-hour claims under the FLSA, 29 U.S.C. § 201, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105, on behalf of the following class:

> **All non-exempt hourly employees who worked over 40 hours in a week for Superior Consolidated Industries, Inc. between August 25, 2021 and June 22, 2025 and were paid a bonus and who participate in the settlement by endorsing a settlement check.**

2. On August 25, 2024, Plaintiffs filed this action as a collective action under the FLSA and as a class action under the IMWL. Plaintiffs initiated this action on behalf of themselves and all other persons similarly situated, seeking damages for alleged violations of the FLSA and the IMWL [ECF No. 1]. In general, Plaintiffs alleged that Defendant violated the FLSA by failing to pay Plaintiffs and the putative collective members the proper overtime rate when calculating their regular rate of pay in connection with various forms of non-discretionary compensation earned in weeks during which they worked overtime hours and in failing to compensate employees for time spent putting on and taking off protective equipment.

3. The parties agreed to mediate this case and mediation occurred on June 22, 2025, when the parties resolved this matter. In preparation for mediations, the parties engaged in informal discovery, including the voluntary exchange of pay and timekeeping data to analyze the potential damages.

4. With the assistance of an experienced wage and hour mediator, the Parties resolved the matter.

5. The Settlement will cover the Named Plaintiffs and all of the Eligible Employees who elect to participate in the Settlement by depositing their Individual Settlement Payments.

6. Under the Agreement, in consideration of the $750,000 Gross Settlement Amount, the claims of the Named Plaintiffs and all the Eligible Employees who deposit and/or cash their Individual Settlement Payment will be dismissed with prejudice.

7. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standards for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b) and Illinois law. The Court finds that the Settlement resulted from arm's-length negotiations between experienced counsel after substantial investigation and through mediation. Class Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate, and in the best interests of the Named Plaintiffs and all of the Eligible Employees. The Mediator has provided a Report of Mediation to the Court including his opinion that "[c]onsidering the legal hurdles facing the Collective Members, the risks of conditional and class certification, the inherent uncertainty of any trial, and the lengthy time before this Action could be finally resolved after appeals, I believe the parties are justified in agreeing that the proposed Settlement is adequate and fair, providing strong consideration to Settlement Class Members." [ECF No. 16] The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the Parties' counsel experience and views.

8. The Court approves the settlement documents attached to the Amended Approval Motion and orders that the Settlement be implemented according to the terms and conditions of the Agreement and as directed herein. The Court approves the Settlement as to the Named Plaintiffs and all Eligible Employees who elect to participate in the Settlement by depositing their Individual Settlement Payments.

9. The Court approves the Service Award of $7,500 to each Named Plaintiff in recognition of service in this action, and orders that such payment be made in the manner, and subject to the terms and conditions, set forth in the Agreement.

10. The Court approves the payment of attorneys' fees in the amount of $250,000.00

11. The Court approves reimbursement of litigation expenses incurred in this matter in the amount of $7,800.

12. The Court appoints Rust Consulting to serve as settlement administrator and grants it administration fees of no more than $20,000.

13. This Court hereby dismisses the case in its entirety without prejudice. The dismissal shall automatically convert to a dismissal with prejudice in 135 days from the date of this Order, without further action of the Court.

**SO ORDERED:**

Date: October 1, 2025          s/ Michael M. Mihm
                                                  U.S. District Court Judge